1  Alison V. Lippa, No. 160807
   Shay Aaron Gilmore, No. 217196
2  **CARROLL, BURDICK & McDONOUGH LLP**
   44 Montgomery St., Suite 400
3  San Francisco, CA 94104
   Telephone:    (415) 989-5900
4  Facsimile:    (415) 989-0932

5  Attorneys for Defendants CONTINENTAL CASUALTY
   COMPANY
6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 DOROTHY MCGUIRE,                    No. C 07 3466 VRW

12           Plaintiff,                **ANSWER OF DEFENDANT CONTINENTAL CASUALTY COMPANY TO COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**
13      v.

14 CONTINENTAL CASUALTY
   COMPANY,
15
             Defendants.
16

17

18      Defendant Continental Casualty Company ("CCC") answers Plaintiff's

19 Complaint and sets forth affirmative defenses thereto as follows:

20 **PLAINTIFF'S FIRST CLAIM AGAINST DEFENDANT CONTINENTAL CASUALTY COMPANY**

21                   **FOR BREACH OF CONTRACT**

22      1.   Defendant CCC admits that jurisdiction is proper in the U.S. District

23 Court for the Northern District of California.

24      2.   Defendant CCC admits that venue is proper in the U.S. District Court for

25 the Northern District of California.

26      3.   Defendant CCC admits that it is a corporation incorporated in and with its

27 principal place of business in the State of Illinois and that it is authorized to transact

28

business in California but denies the remainder of the allegations in this paragraph as unintelligible.

4.  Defendant CCC lacks sufficient information and belief to admit or deny the allegations in paragraph 4, and therefore denies them on that basis.

5.  Defendant CCC admits that it issued a Long Term Care policy to Dorothy D. McGuire number 076355317 effective October 1, 1990 ("the policy"). Further answering, Defendant CCC states that the policy is a written document and the document speaks for itself. Defendant CCC denies any allegation that is inconsistent with the terms of the policy. Defendant CCC specifically denies that the policy was issued by Bankers Life.

6.  Defendant CCC admits that all premiums have been paid on the policy and lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 6, and therefore denies them on that basis.

7.  Defendant CCC lacks sufficient information and belief to admit or deny the allegations in paragraph 7, and therefore denies them on that basis.

8.  Defendant CCC admits that plaintiff made a claim under the policy and that defendant CCC made a determination that plaintiff was not eligible for benefits under the terms of the policy. CCC lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 8, and therefore denies them on that basis.

9.  Defendant CCC denies the allegations of paragraph 9.

10. Defendant CCC denies that any of its actions were improper, denies that it breached any terms of its insurance policies and denies that Plaintiff was damaged in any way as a result of CCC's conduct. CCC lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 10, and therefore denies them on that basis.

///
///
///

ANSWER TO COMPLAINT (NO. C 07 3466 VRW)

## PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT CONTINENTAL CASUALTY FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

11. Defendant CCC hereby incorporates its responses to paragraphs 1-10 of the Complaint as though fully set forth hereinafter in response to paragraph 11.

12. Defendant CCC denies that it breached any duty and lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 12, and therefore denies these on that basis.

    (a) Defendant CCC denies that it failed unreasonably to perform any act and lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 12(a), and therefore denies them on that basis.

    (b) Defendant CCC denies that it failed unreasonably to perform any act and lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 12(b), and therefore denies them on that basis.

13. Defendant CCC denies that it breached any duty owed to Plaintiff and lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 13, and therefore denies them on that basis.

14. Defendant CCC denies that it breached any terms of its insurance policies and denies that Plaintiff was damaged in any way as a result of CCC's conduct. CCC lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 14, and therefore denies them on that basis.

15. Defendant CCC denies that any of its actions were wrongful and denies that Plaintiff was damaged in any way as a result of CCC's conduct. CCC lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 15, and therefore denies them on that basis.

16. Defendant CCC denies that any of its actions were wrongful and lacks sufficient information and belief to admit or deny the remainder of the allegations in paragraph 16, and therefore denies them on that basis.

17. Defendant CCC denies the allegations in paragraph 17.

## RELIEF REQUESTED

Defendant CCC denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As Affirmative Defenses, CCC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

The Complaint does not state facts sufficient to constitute a cause of action against CCC.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To Particularize Claims)

The Complaint does not describe the causes of action asserted against CCC with sufficient particularity to enable CCC to determine what defenses (including defenses based upon the terms, conditions, exclusions or other provisions of the policies allegedly issued to Plaintiff) it has in response to Plaintiff's causes of action. CCC reserves the right to assert all defenses which may be pertinent to the Complaint once the precise nature of the causes of action is ascertained through discovery.

### THIRD AFFIRMATIVE DEFENSE
### (Policy Terms, Exclusions, Conditions, And Limitations)

The causes of action asserted in the Complaint are barred in whole or in part by the terms, exclusions, conditions, limitations and other provisions contained in or incorporated by reference in the policy allegedly issued to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure To Perform Policy Obligations)

Plaintiff has failed to perform all of her obligations under the policy allegedly issued to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**
**(Insurance Provided in Reliance Upon Misrepresentations or Omissions)**

To the extent the named insured failed to disclose, concealed, or misrepresented any facts that were material to the risks undertaken by CCC, for the purpose of inducing the issuance of the policy allegedly issued to Plaintiff, coverage under the alleged policy is barred, and the policy is void *ab initio*.

**SIXTH AFFIRMATIVE DEFENSE**
**(Violation of Law and/or Public Policy)**

To the extent that Plaintiff's acts or failure to act which gave rise to the claims referenced in the Complaint were in violation of law and/or public policy, coverage under the policy allegedly issued to Plaintiff is barred, in whole or in part.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

In the event that Plaintiff has breached the implied covenant of good faith and fair dealing inherent in her alleged contracts with CCC, by virtue of said breach the claims of Plaintiff are barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Cooperate)**

To the extent that the alleged policy contains provisions relating to required assistance and cooperation on behalf of the insured and these provisions have been breached, coverage is precluded under the policies.

**NINTH AFFIRMATIVE DEFENSE**
**(Spoliation of Evidence)**

Plaintiff's claims against CCC are barred to the extent that Plaintiff or her agents, brokers or employees, removed, destroyed or in any way altered evidence relating to the claims or the policy allegedly issued to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE
### (Right To Amend)

CCC reserves the right to amend this pleading at the conclusion of discovery to reflect additional affirmative defenses available to it as revealed through discovery or otherwise.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by her Complaint on file herein; that this answering Defendant have judgment thereon, together with costs of suit and for such other and further relief as the court may deem fair and equitable.

Dated: August 30, 2007

Respectfully submitted,

CARROLL, BURDICK & McDONOUGH LLP

By _____/s/_____
Alison V. Lippa
Attorneys for Defendant CONTINENTAL CASUALTY COMPANY