Glenn R. Kantor, Esq. State Bar No. 112643
  E-Mail: gkantor@kantorlaw.net
Elizabeth Green, Esq. State Bar No. 199634
  E-Mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
17216 Parthenia Street
Northridge, CA 91325
TEL: (818) 886-2525
FAX: (818) 350-6272

Attorneys for Plaintiff,
DOROTHY MCGUIRE

Alison V. Lippa, No. 160807
Shay Aaron Gilmore, No. 217196
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:    415.989.5900
Facsimile:    415.989.0932
Email:        alippa@cbmlaw.com
              sgilmore@cbmlaw.com

Attorneys for Defendant
CONTINENTAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| DOROTHY MCGUIRE,<br><br>  Plaintiff,<br><br>VS.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>  Defendants. | CASE NO: C 07 3466 VRW<br><br>**PARTIES' JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  November 1, 2007<br>Time:  3:30 p.m.<br>Ctrm:  6 – San Francisco |

Pursuant to F.R.Civ.P. Rule 16 and Civil L.R. 16-9, the plaintiff Dorothy McGuire ("Plaintiff" or "McGuire") and defendant Continental Casualty Company ("CCC") hereby submit their Joint Case Management Statement:

Pursuant to Federal Rules of Civil Procedure 26(f), an early conference of counsel was held on September 24, 2007 and was attended by Elizabeth K. Green, Kantor & Kantor LLP, representing Plaintiff Dorothy McGuire, and Alison Lippa and Shay Aaron Gilmore, Carroll, Burdick & McDonough LLP, representing Continental Casualty Company.

1. <u>Jurisdiction and Service</u>: Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Orinda, County of Contra Costa, State of California. Defendant is a corporation in, with its principal place of business in, the State of Illinois and is authorized to transact business and is transacting business in the Northern District of California. The amount in controversy, exclusive of interests and costs, exceeds the sum of $100,000.00.

2. <u>Facts</u>: Plaintiff filed a complaint against CCC alleging causes of action for breach of contract and breach of the covenant of good faith and fair dealing.

    a. <u>Plaintiff's Statement of the Case</u>

This case arises from a claim by Plaintiff Dorothy McGuire for long term care benefits with Defendant Continental Casualty Company ("CCC") through a long term care policy purchased by Plaintiff.

Defendant issued to Plaintiff a policy of Long Term Care Coverage, Policy Number 076355317 on or about October 1, 1990. Among the benefits provided by the policy was the benefit that if the insured became in need of assistance with the activities of daily living, CNA would pay the insured benefits in an amount set by the policy.

In or about May 2006, the Plaintiff suffered a loss compensable under the terms of the policy in that she became unable to care for herself on a daily basis due to dementia. Plaintiff submitted a claim to Defendant under the policy and Defendant denied Plaintiff's claim.

   McGuire contends that Defendant breached the insurance contract and acted in bad faith in denying Plaintiff's claim. McGuire further contends that she is entitled to continued long term care benefits under the policy.

  b. <u>Defendant's Statement of the Case</u>

   On or about May 2006, Plaintiff Dorothy McGuire made a claim for benefits under a policy of Long Term Care Coverage issued by CCC, Policy Number 076355317 ("the Policy"). CCC determined that Dorothy McGuire was eligible to receive benefits under the Policy. However, the services provided were not eligible under the Policy as there were no skilled visits during the weeks that Dorothy McGuire received home care visits. The Policy states that in order to be reimbursed for home care visits in a given week, there must also be a skilled visit. CCC did not agree to provide an Alternate Plan of Care ("APC") that would merely circumvent the Policy requirements. Plaintiff and/or her representatives contest CCC's coverage decision and claim that Plaintiff is entitled to the APC benefit because Plaintiff's husband (William McGuire), who had a separate and different policy of insurance, received the APC benefit a number of years ago. CCC performed pursuant to its obligations under the Policy by providing Plaintiff all of the benefits to which she was entitled pursuant to the terms of the Policy. CCC's coverage decision to deny the APC benefit was reached after reasonable investigation, and CCC's performance of its obligations under the Policy was at all times in good faith.

3. <u>Legal Issues</u>:

  a. Plaintiff's Statement:

   McGuire contends that Defendant breached the insurance contract and acted in bad faith in denying Plaintiff's claim. McGuire further contends that she is entitled to continued long term care benefits under the policy.

  b. Defendant's Statement:

-3-

1   CCC contends that it performed all of the obligations owed to Plaintiff under
2   the Long Term Care Policy and that it did not act in bad faith in performing these
3   obligations.
4   4.  <u>Motions</u>:
5   The parties have no immediate plans to bring any motions at this time but anticipate
6   filing motions for summary judgment (or other appropriate motions) as the action
7   progresses.
8   5.  <u>Amendment of Pleadings</u>:  The parties do not anticipate amending their pleadings at
9   this time.
10  6.  <u>Evidence Preservation</u>:
11      a.  Plaintiff has retained all evidence related to her claims that are the subject of
12  this litigation.
13      b.  CCC preserves records in the ordinary course of business such that neither
14  insurance policy materials that appear related to Plaintiff nor any other materials that
15  appear related to her claims against CCC will be destroyed during the pendency of this
16  litigation.
17  7.  <u>Disclosures</u>: The parties made their initial disclosures by October 9, 2007.
18      a.  Plaintiff disclosed all information and documents required under the Federal
19  Rules of Civil Procedure.
20      b.  CCC provided the names of individuals who likely have discoverable
21  information that CCC may use to support its defenses; CCC produced copies of
22  documents in its possession, custody or control that CCC may use to support its defenses,
23  and CCC provided a statement regarding damages.
24  8.  <u>Discovery</u>:
25      a.  Plaintiff has served initial requests for production on Defendant.  The parties
26  anticipate that they will serve additional written discovery on each other in the near future.
27
28

b.  Scope of anticipated discovery: Plaintiff intends to seek discovery on subjects including, but not limited to: the handling of Plaintiff's long term care claim, the basis for the denial of Plaintiff's claim, the policy at issue and specific provisions (*i.e.* alternate plan of care), Defendant's procedures and policies in handling long term care claims.

CCC intends to seek discovery on subjects including, but not limited to: Plaintiff's and/or her representative's claim on Plaintiff's behalf for long term care benefits, Plaintiff's compliance with the terms and conditions of the Long Term Care policy, the damages Plaintiff contends she has suffered, and Plaintiff's understanding of the policy at issue and specific provisions therein.

The parties reserve their rights to seek discovery on additional topics, as appropriate, within the scope of discovery set forth in Rule 26(b)(1). The parties agree to disclose electronically-stored information by hard copy and/or disc. Both parties intend to serve written discovery, including interrogatories and requests for production of documents, followed by depositions, if necessary. Plaintiff's counsel has informed Defendant that due to her dementia, Plaintiff is not capable of being deposed.

c.  The parties do not propose any limitation or modification of the discovery rules at this time.

d.  Proposed Discovery Plan:

The parties have agreed to the following schedule:

i.  The parties propose a non-expert discovery cut-off date of June 1, 2008.

ii.  The parties will exchange initial designation of experts and will exchange expert reports by July 1, 2008.

iii.  The parties propose a motion filing cut-off of September 15, 2008.

iv.  The parties will complete expert depositions by October 1, 2008.

9.  <u>Class Actions</u>: This action is not a class action.

10.  <u>Related Cases</u>: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>:

    a.    Plaintiff seeks full benefits owed pursuant to the Policy, damages for emotional distress, punitive damages, and attorneys' fees.

    b.    CCC contends that it has complied fully with the terms of and its obligations under the Policy; however, if liability is established against it, damages should be calculated on the basis of the expectation measure, i.e., the sum which would restore Plaintiff to the economic position she expected from performance under the insurance contract.

12. <u>Settlement and ADR</u>: The parties are exploring an early resolution to this matter. If the parties are not able to resolve this matter informally, the parties agree to participate in a settlement conference with a member of the ADR panel.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff consented to Magistrate Judge Bernard Zimmerman for all purposes on July 27, 2007. CCC declined to proceed before Magistrate Judge Zimmerman on August 8, 2007.

14. <u>Other References</u>: The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

15. <u>Narrowing of Issues</u>: The parties do not anticipate the need for severance, bifurcation, or any other orders at this time.

16. <u>Expedited Schedule</u>: The parties do not believe that this case warrants an expedited schedule.

17. <u>Scheduling</u>: The parties have agreed to the following proposed order:

    a.    Non-expert discovery cut-off date of June 1, 2008.

    b.    Exchange expert disclosures by July 1, 2008

    c.    Complete expert depositions by October 1, 2008.

    d.    Motion filing cut-off date of September 15, 2008.

    e.    Final pre-trial conference date of October 27, 2008.

    f.    Trial date of November 10, 2008.

18. <u>Trial</u>: The parties estimate that the trial of this matter will require five to seven days. CCC requests that the case be tried to a judge. Plaintiff made a demand for a jury trial in her Complaint.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

    a.    Plaintiff filed its "Certificate of Interested Entities or Persons" required by Civil Local Rule 3-16 on July 2, 2007.

    b.    CCC filed the "Certificate of Interested Entities of Persons" required by Civil Local Rule 3-16 on September 21, 2007. CCC certifies that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by CCC to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: CCC is a wholly owned subsidiary of CNA Financial Corporation. CNA Financial Corporation is publicly traded. The majority of the stock of CNA Financial Corporation is owned by Loews Corporation, which is also publicly traded. CNA Surety is an affiliated company, which is publicly traded.

DATED: October 24, 2007

KANTOR & KANTOR, LLP

BY: _____
Elizabeth K. Green
Attorneys for Plaintiff
Dorothy McGuire

DATED: October 24, 2007

CARROLL, BURDICK & MCDONOUGH LLP

BY: _____
Shay Aaron Gilmore
Alison V. Lippa
Attorneys for Defendant
Continental Casualty Company

## **PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 17216 Parthenia Street, Northridge, CA 91325.

On October 25, 2007, I served the foregoing document described as: PARTIES' JOINT CASE MANAGEMENT CONFERENCE STATEMENT in this action by personally serving a true copy thereof addressed as follows:

Alison V. Lippa
Shay Aaron Gilmore
CARROLL, BURDICK & MCDONOUGH LLP
Attorneys at Law
44 Montgomery St., Suite 400
San Francisco, CA 94104

[X]    (BY MAIL) I deposited such envelope in the mail at Northridge, California. The envelope was mailed with postage thereon fully prepaid.

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Northridge, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

[X]    (BY FACSIMILE) I faxed such document to the facsimile number above following regular business practices.

[ ]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 25, 2007, Northridge, California.

Denise Anderson